**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| THOMAS B. BREWIN<br>    La. DOC #222357<br>VS.<br><br>ST. TAMMANY PARISH CORRECTIONAL<br>CENTER, ET AL. | CIVIL ACTION NO. 08-0639<br><br>SECTION P<br>JUDGE DOHERTY<br><br>MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is Thomas B. Brewin's *pro se* civil rights action filed on March 25, 2008 in the United States District Court for the Eastern District of Louisiana pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. At the time this Complaint was filed, plaintiff was incarcerated at the South Louisiana Correctional Center in Basile, Louisiana. Therefore, this case was transferred from the Eastern District to this court on May 7, 2008. However, since the transfer, plaintiff has been transferred to the Morehouse Parish Detention Center in Collinston, Louisiana. Because plaintiff has been frequently transferred in and out of the geographical boundaries of this Division, and because it was impractical to again transfer this case to another District or Division, the undersigned previously determined that plaintiff's action would remain in this Division.

In his original Complaint, plaintiff alleged that he has been denied appropriate medical care for bleeding ulcers during his incarceration at the following facilities: the St. Tammany Parish Correctional Center, the LaSalle Correctional Center, the J.B. Evans

Correctional Center, the South Louisiana Correctional Center and the "Ferrday [sic] Correctional Center." He sought injunctive relief, namely, an order requiring the defendants to provide him with proper medical care for his condition.

On initial review of plaintiff's Complaint, plaintiff was advised that he had failed to state a constitutional claim for inadequate medical care and that the named correctional centers were not proper defendants in this §1983 lawsuit. Thus, plaintiff was ordered to file an amended complaint to correct these deficiencies. [rec. doc. 14]. This he did.

In his Amended Complaint, plaintiff names the following defendants: Warden Peachy of the St. Tammany Parish Correctional Center, St. Tammany Parish Sheriff Jack Strain, Warden Smith of the "Ferrday" [sic] Correctional Center, Warden Johnson of the LaSalle Correctional Center, Warden Deville and Nurse Peggy of the J.B. Evans Correctional Center and Warden Jack and Nurse Page of the South Louisiana Correctional Center. Plaintiff again requests injunctive relief, but instead of seeking an order directing the defendants to treat his condition, he requests an order directing the defendants to transfer him to the physical custody of the Louisiana Department of Public Safety and Corrections "were he may receive better medical attention for his ulcer."

In addition, petitioner requests compensatory damages for mental anguish. Plaintiff also asserts a new claim for compensatory damages based on the alleged loss of his dentures during his transfer from the LaSalle Correctional Center to the J.B. Evans Correctional Center. [rec. doc. 15].

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that this action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state claims for which relief may be granted.

## LAW AND ANALYSIS

### I. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Plaintiff has set forth specific facts which he claims entitles him to relief. Those facts have been accepted as true for the purposes of this Report. Nevertheless, plaintiff's claims are subject to dismissal for the reasons that follow.

## II. Claims against Correctional Facilities

To the extent that plaintiff names the correctional facilities in which he has been incarcerated as defendants herein, those claims must be dismissed. A jail is not a legal entity capable of being sued; it is a building. *Jones v. St. Tammany Parish Jail,* 4 F.Supp.2d 606, 613 (E.D.La. 1998). *See also Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981); *Blunt v. Bowles*, 1997 WL 527322 (N.D. Tex. 1997) *citing Darby v. Pasedena Police Department,* 939 F.2d 311, 313-14 (5th Cir. 1991). A prison facility or a "department" within a prison facility is not a "person" under §1983. *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D.La.2000). *See also Marsden v. Federal B.O.P.*, 856 F.Supp. 832 (S.D.N.Y. 1994). *See also Powell v. Cook Co. Jail*, 814 F.Supp. 757, 758 (N.D.Ill. 1993); *McCoy v. Chesapeake Corr. Ctr.*, 788 F.Supp. 890, 893 (E.D.Va. 1992); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301 (E.D.N.C.1989).

Accordingly, plaintiff's claims against the St. Tammany Parish Correctional Center, the LaSalle Correctional Center, the J.B. Evans Correctional Center, the South Louisiana Correctional Center and the "Ferrday [sic] Correctional Center" should therefore be dismissed as frivolous and as failing to state claims upon which relief may be granted.

**III. Injunctive Relief/Court Ordered Medical Care**

To the extent that plaintiff continues to seek an order of this court requiring the defendants to provide him with proper medical care for his condition, that relief may not be granted by this court. Plaintiff has been transferred from the alleged offending institutions to the Morehouse Parish Detention Center. Thus, the named Wardens, Sheriffs and Nurses are no longer responsible for plaintiff's medical care. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) citing *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Holland v. Purdy*, 457 F.2d 802, 802-803 (5th Cir. 1972) (claim for injunctive relief moot when plaintiff transferred to another institution).

In order for plaintiff's claims to remain viable, he would have to establish either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to one of the offending institutions or released and then re-incarcerated there. *Oliver*, 276 F.3d at 741 citing *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Plaintiff has failed to make this showing. The mere possibility of transfer back to

one of the offending institutions is too speculative to warrant relief. *See Herman*, 238 F.3d at 665*; Murphy*, 455 U.S. at 482. Accordingly, plaintiff's complaint seeking injunctive relief in the form of court ordered medical care is moot and his claims should therefore be denied and dismissed with prejudice.

**IV. Injunctive Relief/Transfer to a Department of Corrections Facility**

Plaintiff's request for a transfer to a Department of Corrections Facility is equally meritless. Initially, the undersigned notes that all of the persons named as defendants herein are either local jail wardens, jail employees, or, as in the case of Sheriff Strain, a local elected official. None of these defendants has authority over the Louisiana Department of Corrections and therefore none of these defendants can provide plaintiff with the relief he now seeks.

Further, prisoners do not have a constitutional right to incarceration in any particular place or at any particular institution. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)*; Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000); *Parker v. Cook*, 642 F.2d 865, 876(5th Cir. 1981); *Hutto v. Finney*, 98 S.Ct. 2565, 2571 (1978); *Biliski v. Harborth*, 55 F3d 160, 162 (5th Cir. 1995); and *Jackson*, 864 F.2d at 1250. The ability to transfer prisoners is essential to prison management and subject to the discretion of the prison administration, an acute interest of

the States, which the federal courts should not supervise. *Meachum; Olim; Montanye; Hutto* and *Jackson, supra.*

## V. Medical Care Claim

Plaintiff claims that the named defendants failed to treat his medical condition appropriately. With respect to Warden Peachy of the St. Tammany Parish Correctional Center, and St. Tammany Parish Sheriff Strain, plaintiff alleges that on some unspecified date he "got sick" and "stayed sick with my ulcer cutting my air off." After requesting medical care, he was transferred to "Ferrday" [sic] without being seen by a physician. While in "Ferrday" plaintiff again "got sick"and again had difficulty breathing as a result of his ulcer. His September 3, 2007 request to be hospitalized was allegedly denied by Warden Smith. One week later, plaintiff was transferred to LaSalle Correctional Center, where his request for hospitalization was allegedly denied by Warden Johnson.

In December 2007, plaintiff was sent to J.B. Evans Correctional Center where he was seen by Nurse Peggy who allegedly told plaintiff that he should be sent to a DOC facility. Instead, plaintiff complains that he was transferred to the South Louisiana Correctional Center on January 23, 2007, where at some point plaintiff was seen by Nurse Page. When plaintiff requested additional medical treatment, he was transferred back to J.B. Evans Correctional Center.

Claims for inadequate medical care asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.

7

In order to prevail on such claims, a prisoner must establish that the actions of the defendants were sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). In the context of prison litigation, to demonstrate deliberate indifference it must be shown that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not, is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756. Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied).

Likewise, cumulative claimed acts of negligence is insufficient to establish deliberate indifference; to the contrary, each defendant's subjective deliberate indifference, *vel non*, must be examined separately." *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997) *citing Estelle*, 429 U.S. at 106; *McCormick v. Stalder*, 105 F.3d 1059, 1061

(5th Cir.1997); *see also Stewart*, 174 F.3d at 534. "Subjective recklessness," as used in the criminal law, is the appropriate test for deliberate indifference. *Norton*, 122 F.3d at 291 *citing Farmer v. Brennan*, 511 U.S. 825, 838-40, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994).

It is clear that plaintiff was seen by Nurse Page and Nurse Peggy. While plaintiff has not been sent to the hospital for his complaints as he suggests should be done, the mere fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. *See Norton*, 122 F.3d at 292. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Domino,* 239 F.3d at 756 *quoting Estelle*, 429 U.S. at 107, 97 S.Ct. 285.

Plaintiff has not alleged facts sufficient to establish that any of the named defendants were deliberate indifferent to his serious medical needs. Plaintiff apparently suffers from a stomach ulcer and complains that he has been provided inadequate medical treatment and hospitalization for complaints associated with his condition. Plaintiff has failed to demonstrate, however, that his medical condition is sufficiently serious to mandate the treatment suggested by plaintiff or that any of the named defendants were deliberately indifferent to his plight.

Plaintiff was provided an opportunity to amend his complaint to allege specific facts in support of his claim that named defendants violated his Eighth Amendment rights.

Plaintiff's amended complaint provides merely conclusory allegations and fails to allege facts to establish that all or any of the named defendants were deliberately indifferent to his plight. Indeed, there are no allegations whatsoever against Warden Deville, Warden Jack or Nurse Page. With respect to those named defendants against whom plaintiff has made allegations, those allegations do not show that any of the defendants were aware of facts from which an inference of substantial risk of serious harm could be draw, much less that any of them actually drew such an inference, or that their response to his complaints indicated that they subjectively intended that harm occur to him. *Thompson*, 245 F.3d at 458-459, *supra*.

Whether or not any of the named defendants "should have perceived" a risk of harm to plaintiff, but did not (as he has implied), is of no moment since "the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756, *supra*. Considering the high standard necessary for a showing of deliberate indifference, which "encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind"*,* the facts alleged herein simply do not rise to the requisite level necessary to support such a finding. Therefore, because plaintiff has not alleged facts sufficient to establish deliberate indifference on the part of any of the named defendants, his Eighth Amendment claim for damages must be dismissed as frivolous or for failing to state a claim for which relief may be granted.

**VI. Mental Anguish**

Plaintiff also seeks compensatory damages for mental anguish. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." While the requisite "physical injury" need not be significant, it must nevertheless be "more than *de minimis.*" *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004)*; Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Herman*, 238 F.3d at 665-666; *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).

Here, plaintiff has not shown that he suffered any physical injury, much less any physical injury which is more than *de minimis,* as a result of the defendants' alleged failure to provide him with adequate medical care. To the contrary, the only distress alleged by plaintiff was shortness of breath following the episode in February while plaintiff was confined at the St. Tammany Parish Jail, and again when plaintiff was confined at the LaSalle Correctional Center. While plaintiff's shortness of breath may have been unpleasant, there is no indication that the incident was severe enough to warrant hospitalization or that it had any lasting effects. Thus, plaintiff's complaint does not rise to the level of constitutional significance. *See Alexander*, 351 F.3d at 631; *Herman*, 238 F.3d at 665. Accordingly, as a matter of law, plaintiff's claim fails.

### VII. Loss of Dentures

In his Amended Complaint, plaintiff complains that his dentures were lost when he was transferred from LaSalle Correctional Center to J.B. Evans Correctional Center. He therefore seeks "compensation for the dentures lost." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff's claim implicates the due process clause of the Fourteenth Amendment. The Due Process Clause provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." United States Constitution, Amendment XIV. Here, plaintiff complains that he was deprived of property – his dentures.

A claim for random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 451 U.S. 527, 544, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913.

The Due Process Clause does not embrace tort law concepts. Although a litigant may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford such a remedy. *Daniels v. Williams,* 474 U.S. 327, 335, 106

S.Ct. 662, 667, 88 L.Ed.2d 662 (1986). Even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated, so long as the deprivation was "random." *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).

This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, *citing*, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that either an intentional or unintentional, but random and unauthorized, deprivation occurred when plaintiff's dentures were either lost or stolen. Thus, if adequate state law remedies are available, no further due process is required under the Constitution and plaintiff is not entitled to relief pursuant to §1983.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or for the intentional torts (conversion) committed by employees of the prison facility. *See* La. Civil Code, Article 2315. This provision of state law which is the general tort provision of Louisiana's Civil Code provides all the process

13

that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine. Plaintiff's claim lacks an arguable basis in law and therefore, this claim should be dismissed as frivolous. Moreover, because plaintiff's constitutional rights were not violated as a result of the loss of his dentures, plaintiff's claim should be dismissed as failing to state a claim upon relief may be granted by this court.

For the reasons stated above,

**IT IS RECOMMENDED THAT** plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state claims for which relief might be granted pursuant to 28 U.S.C.1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten**

**(10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana, May 4, 2009.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE